UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CRAIG and MICHELLE DeCLEENE,

       Plaintiffs,

v.                                                  Case No. 09-C-40

MARK E. TEUTEBERG,
WILLIAM L. WIENKE and ADELE R. WIENKE,
JAMES HUGHES and MARY HUGHES,
RICHARD OUDENHOVEN and
ARLENE OUDENHOVEN, MARY BROECKEL,
JOHN J. SCHIPFERLING and
CAROL R. SCHIPFERLING and OCONTO COUNTY,

       Defendants.

**DECISION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

      Plaintiffs Craig and Michelle DeCleene brought this civil rights action pursuant to 42 U.S.C. § 1983 against Oconto County and its Land Information Systems Administrator over a boundary/property tax dispute. The case was started in state court but removed by the County Defendants pursuant to 28 U.S.C. § 1441. Plaintiffs then filed an amended complaint adding several state law claims against the original defendants and asserted a quiet title claim against their neighbors. The County Defendants now move for summary judgment on the sole federal claim asserted. Because the complaint fails to state a viable federal claim, the motion will be granted.

**BACKGROUND**

      Plaintiffs and their neighbors (who are also defendants in this case) own property along the shore of Paya Lake in Oconto County. The individual parcels are all part of a larger tract of

property that was formerly owned by Leonard Dorst. Mr. Dorst sold the individual parcels over a period of time and conveyed the individual parcels by deeds that described the parcels sold using metes and bounds descriptions.

Oconto County is charged by the State of Wisconsin with mapping all parcels of real property within the County. The County uses Geographic Information System ("GIS") coordinates, certified survey maps, and metes and bounds descriptions of individual parcels to generate maps of the real property in the County on an ongoing basis. Defendant Mark Teuteberg is employed by Oconto County as the Land Information Systems ("LIS") Administrator. As the LIS Administrator, Teuteberg is responsible for the County's land records, property listings, GIS mapping, and implementing tax deed proceedings.

In 1999 a title company contacted Teuteberg and informed him that there was a potential "void" or remnant parcel between two parcels that Dorst had sold. The County agreed and determined that the metes and bounds description of the Plaintiff's property did not abut the metes and bounds description of the property immediately to the west of the Plaintiff's property and identified an approximately 50-foot wide remnant of land between the two that Dorst had failed to convey. Teuteberg visited the void in 1999 or 2000 to see if there were any structures within the void, but he did not see any. Teuteberg notified the assessor and assigned a tax parcel number to the remnant. He also checked his conclusion against a 1998 U.S. Forest Service survey to insure it was accurate and ordered a title search of the property.

Over the following several years neither Dorst, who by that time was deceased, nor his heirs paid the property taxes that were assessed on the remnant. Under Wisconsin law, the failure of a property owner to pay property taxes when due results in the issuance of a tax certificate, which then commences a two year redemption period within which the owner must pay the accrued taxes,

2

penalties and interest. Wis. Stat. § 74.57. If the tax certificate is not redeemed, the county may either take a tax deed for the property or foreclose on the tax certificate or the tax lien that the certificate reflects. Wis. Stat. § 74.57(2)(b).

The DeCleenes, who assumed they owned the parcel identified as the remnant, apparently became aware of the situation when the County published notice of the application for a tax deed as required by Wis. Stat. § 75.12(3) after its efforts at sending certified mail to Dorst failed. Craig DeCleene contacted the County and asked it to hold off issuing a tax deed so he could investigate further. The County did temporarily suspend the process, but eventually Barbara Rebben, an heir of Mr. Dorst, paid the County $8,358.64 in back taxes, penalties and interest. Ms. Rebben then quit claimed the parcel to the DeCleenes and assigned to them any and all claims she had against the County and Teuteberg for the same amount.

In the meantime, the DeCleenes commissioned a survey of their parcel and the surrounding property by Kim H. Pritzlaff, a registered land surveyor. Although it is not clear from the copy of the survey submitted by them (Aff. of Jacob P. Short, Ex. C), the DeCleenes contend that the Pritzlaff survey suggests not only that the remnant parcel they purchased from Ms. Rebben lies within the description of the property they originally purchased from Mr. Dorst, but that at least 11 additional parcels "would be subject to quiet title/ejectment actions," apparently because the survey shows the boundaries of their parcels to be different from the property they are actually occupying. (Response Br. at 4.) According to the DeCleenes, "the Pritzlaff survey demonstrates property lines traversing residential dwellings." (*Id.*)

Based on the foregoing facts and allegations, the DeCleenes claim that Teuteberg and the County violated their constitutional rights by "threatening a tax deed sale of the property before the expiration of three years following any demand for the payment of taxes on the property" or by

3

"demanding that taxes be paid for property already legally described in parcel 2742," which is the Plaintiffs' parcel. (Am. Compl. ¶ 19.) Plaintiffs claim that they suffered damages as a result of the "abuse or misuse of power possessed by Teuteberg within the scope of his employment with Oconto County . . . ." (*Id.* ¶ 20.) The DeCleenes have also asserted state law claims against Teuteberg and the County for various forms of misrepresentation. Lastly, the DeCleenes have asserted a quiet title claim against various other landowners who may be affected by the boundary dispute.

## ANALYSIS

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a genuine issue of material fact for the case to survive. *Id.* at 247-48.

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury,

4

would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

It is difficult to discern the DeCleene's claim that their constitutional rights were violated as a result of the alleged actions of Defendants Teuteberg and Oconto County. They appear to offer several theories. They claim that the County Defendants violated their right to use and enjoy their property, which they view as a fundamental right in itself. The DeCleenes also argue that the County Defendants' actions have deprived them of their procedural and substantive due process rights. Finally, the Plaintiffs also contend that the Defendants' actions have denied them equal protection.

Leaving aside the issue of whether the County actually erred in its determination that there existed a remnant parcel that Mr. Dorst had failed to convey to the DeCleenes (which is less than certain from the record), it is clear that they have failed to state a federal claim under any of the various theories they offer. A simple boundary dispute with a county official is not the stuff of which constitutional claims are made.

In order to state a procedural due process claim, the DeCleenes must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008) (citing *Doherty v. City of Chicago*, 75 F.3d 318, 322 (7th Cir. 1996)). "[B]ecause the relevant constitutional question is whether sufficient state-law protections exist, not whether sufficient protections were afforded, '[a] complaint does not state a valid procedural due process objection ... if it does not include a challenge to the fundamental fairness of the state procedures.' " *Id*. (citation omitted).

5

The DeCleenes argue that Wisconsin's procedures are inherently unfair because they did not receive prior notice that the County was claiming that taxes had not been paid on what they contend is a portion of their property until after proceedings to collect the tax had been commenced. But in fact, they did receive notice. The DeCleenes learned of the County's claim before a tax deed was issued and could have commenced an action to quiet title at that time. Instead, they apparently entered into an agreement with Ms. Rebben to have her pay the back taxes the County claimed were owed and then reimbursed her in return for a quit claim deed conveying the disputed parcel to them. Even now, having obtained an assignment of any claim Ms. Rebben may have against the County, it would appear that the DeCleenes would have a remedy under state law for overpayment of taxes if, as they allege, no separate parcel existed. They also have asserted state law claims against the County Defendants for misrepresentation which belie their argument that they have no adequate state law remedies.

Plaintiffs' argument that Teuteberg and Oconto County violated their right of substantive due process is a non-starter. The Supreme Court and the Seventh Circuit have "emphasized how limited the scope the substantive due process doctrine is." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003) (quoting *Dunn v. Fairfield Cmty. High Sch. Dist. No. 225*, 158 F.3d 962, 965 (7th Cir. 1998)). "[S]ubstantive due process is not 'a blanket protection against unjustifiable interferences with property.'" *Id*. (quoting *Schroeder v. City of Chicago*, 927 F.2d 957, 961 (7th Cir. 1991)). Plaintiffs invoking substantive due process to obtain relief for deprivation of a property interest must show either the inadequacy of state law remedies or an independent constitutional violation before the court will even engage in a deferential rational-basis review. *Id*. As noted above, there is nothing to suggest that the state law remedies are inadequate or that an independent constitutional violation occurred. The fact that the Plaintiffs have alleged four state

6

law claims is inconsistent with their contention that the remedies provided in state law are inadequate. *See id.* at 467-68 ("... far from alleging the inadequacy of state-law remedies, Lee has asserted pendant state-law claims for bailment, trespass, and wrongful conversion. Consequently, Lee has not made a substantive-due-process claim.") (citation and footnote omitted).

The Plaintiffs' attempt to package their § 1983 claim as a violation of equal protection also fails. The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Amended Complaint alleges that Plaintiffs have been subjected to unnecessarily paying "back taxes, penalties and interest" on a parcel of real property they did not own. But as noted above, it was their choice to pay the back taxes instead of commencing an action to quiet title. Absent some allegation that they were singled out for disparate treatment, a dispute over property taxes doesn't morph into an Equal Protection claim simply because a landowner feels that his rights were violated. Under these circumstances, the actions of the Defendants are judged under a rational basis standard of review instead of the more demanding strict scrutiny standard. *Strail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009). "Rational basis review requires the plaintiff to prove that (1) the state actor intentionally treated plaintiffs differently from others similarly situated; (2) this difference in treatment was caused by the plaintiffs' membership in the class to which they belong; and (3) this different treatment was not rationally related to a legitimate state interest." *Id*. (citing *Smith v. City of Chicago*, 457 F.3d 643, 650-51 (7th Cir. 2006)).

Here, there is nothing to suggest that the Plaintiffs were treated any differently than any other property owner in Oconto County. Teuteberg testified that he did not treat the remnant parcel differently than any other remnant parcel in the County. (Dep. of Mark Teuteberg 37:12-14.) Teuteberg did not even know the DeCleenes until they approached the County and requested that

7

it deed them the remnant parcel, making it implausible to infer that the Defendants intentionally treated the DeCleenes any differently than other land owners. Finally, it is undisputed that a Wisconsin county is authorized to map the parcels in the county, *see* Wis. Stat. § 70.09, and the property tax assessed in Wisconsin is used to fund various government services. Because the actions of Teuteberg and Oconto County were rationally related to these legitimate state interests, Defendants are entitled to judgment as a matter of law on Plaintiffs' § 1983 claim to the extent they allege a violation of equal protection.

## CONCLUSION

By improperly casting their boundary line/property tax dispute with the County as a civil rights violation, the DeCleenes have needlessly obfuscated their claim and delayed its resolution. They have also substantially increased the costs of resolving it to all parties involved. Having failed to identify any federally protected right that was violated by the actions of the County Defendants, their § 1983 claim is dismissed. With the sole federal claim gone, the case will be remanded to state court for resolution of the remaining state law claims over which this Court declines to exercise jurisdiction. *See Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) ("Indeed, when the district court dismisses all federal claims before trial, the usual and preferred course is to remand the state claims to the state court unless there are countervailing considerations."). Accordingly, the Clerk is directed to enter judgment dismissing with prejudice the Plaintiffs' § 1983 claim and remanding the balance of the case to the Circuit Court for Oconto County.

**SO ORDERED** this ___20th___ day of May, 2010.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge